UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID COLEMAN,                    )
                                  )
         Plaintiff,               )
                                  )
    vs.                           )         Case No. 4:16-CV-248 (CEJ)
                                  )
THE LINCOLN NATIONAL LIFE         )
INSURANCE COMPANY,                )
                                  )
         Defendant.               )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to strike parts of the affidavit of Lee Smith. Defendant has responded and the issues are fully briefed.[1]

## I.    Background

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. In the amended complaint, plaintiff alleges that the defendant wrongfully denied his claims for disability benefits. Plaintiff seeks an award of past and future benefits, attorneys' fees, prejudgment interest, and costs.

Plaintiff filed a motion for summary judgment in which he asserts, *inter alia,* that the filing of this lawsuit was the "catalyst" for the defendant's reinstatement of plaintiff's benefits, thus entitling plaintiff to attorneys' fees and costs. [Doc. # 56, p. 29]. In its response to the summary judgment motion, defendant attached the affidavit of Lee Smith, the defendant's Director of Claims [Doc. #61-3]. In general,

---

[1] Defendant begins its response with the following statement: "Plaintiff's counsel's antics continue." [Doc. # 70, p. 1] Uncivil remarks such as this have no place in litigation. They do not advance a party's arguments and do not reflect favorably on the attorney who resorts to them.

the affidavit provides a chronology the administrative proceeding, from the denial of plaintiff's disability claim in November 2015 to the decision to reinstate his benefits in February 2016. The affidavit also refers to discussions between Smith and other employees of defendant about the handling of plaintiff's claim.

In dispute here are the following portions of the affidavit:

> 8. **Ms. Rachwalik resumed handling of Mr. Coleman's claim. As is reflected in the Chronological Activity List, during a February 19, 2016 telephone call with Mr. Coleman's attorney, Ms. Rachwalik stated that Lincoln would not release further LTD benefits until Mr. Coleman participated in an independent medical examination ("IME").**

> 9. On February 25, 2016, Ms. Daly of the Appeals Department contacted me after learning that no benefits check had been approved for release as yet. **Ms. Daly clarified that the Appeals Department's decision was to overturn the denial and reinstate benefits because the existing medical evidence did not support the decision to discontinue payment of benefits.** Ms. Daly instructed the Claims Department to release benefits without first requiring an IME. **I then took steps to approve release of benefits, pursuant to the Appeals Department's direction. At that time I discussed Mr. Coleman's claim with Ms. Daly. I was not aware that Mr. Coleman had filed a lawsuit against Lincoln. Lincoln approved the reinstatement of benefits because Appeals determined that the existing medical evidence did not support the decision to terminate. Lincoln would have released benefits pursuant to the Appeals Department's determination regardless of any lawsuit.**

Plaintiff moves to strike the portions of affidavit set forth above in boldface type, arguing that they constitute an improper attempt to supplement, alter and contradict the administrative record. Plaintiff further argues that the affidavit relies on inadmissible speculation regarding others' knowledge, intent and state of mind. Defendant responds that the affidavit is submitted as a response to plaintiff's claim for attorneys' fees, not as a supplement to the administrative record.

**II.    Discussion**

Judicial review of an administrative decision under ERISA must focus on the evidence available to the plan administrators at the time of their decision and may not admit new evidence or consider *post hoc* rationales.  *Carr v. Anheuser-Busch Companies, Inc.*, 495 F. App'x 757, 764 (8th Cir. 2012); *see also King v. Hartford Life and Accident Ins. Co.,* 414 F.3d 994, 999 (8th Cir.2005) (citing *Conley v. Pitney Bowes,* 176 F.3d 1044, 1049 (8th Cir.1999) (holding that a reviewing court must focus on the evidence available to the plan administrator at the time of their decision and may not admit new evidence or consider *post hoc* rationales).  The Eighth Circuit "has refused to allow claimants 'to be sandbagged by after-the-fact plan interpretations devised for purposes of litigation.'"  *King,* 414 F.3d at 999 (quoting *Marolt v. Alliant Techsystems, Inc.,* 146 F.3d 617, 620 (8th Cir.1998)). "Such additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefit Plan,* 140 F.3d 1198, 1200 (8th Cir.1998) (internal quotations omitted).  Further, such additional evidence may be admitted only if good cause is shown for its omission from the administrative record.  *Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan,* 476 F.3d 626, 630 (8th Cir.2007).

The Court has carefully reviewed the disputed portions of the Smith affidavit and finds that they serve only to provide a rationale for the decisions the defendant made.  Thus, the Court finds that the affidavit is an improper supplement to the administrative record.

Defendant correctly states that a party in an ERISA action may submit an affidavit in response to a request for attorneys' fees. Defendant points to *Gelfand v. Metro Life Ins. Co.*, 28 F. Supp. 3d 903, 914 (D. Minn. 2014), to argue that courts routinely accept evidence outside the administrative record to adjudicate fee requests under ERISA. In *Gelfand*, the court directed the prevailing party to file an affidavit regarding attorney's fees after following the conclusion of the motion for summary judgment, not as part of the motion for summary judgment. The affidavit in question here contains no mention of hourly rates, billing, expenses or other matters relevant to a claim for attorneys' fees. Thus, *Gelfand* is clearly distinguishable and does not support the defendant's argument.

*     *     *     *     *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike parts of the affidavit of Lee Smith [Doc. #68] is **granted**.

**IT IS FURTHER ORDERED** that all of paragraph 8 and all but the first and third sentences of paragraph 9 of the affidavit of Lee Smith [Document #61-3] is **stricken** and will not be considered by the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall disable the links to Document # 61-3.

**IT IS FURTHER ORDERED** that defendant may re-file the affidavit of Lee Smith after excising the portions stricken above.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2017.